UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff/Respondent,<br><br>         v.<br><br>RICHARD LEE CARLISLE,<br><br>    Defendant/Petitioner. | SA CV 08-1027 AHS<br>SA CR 02-174 AHS<br><br>ORDER DENYING PETITION FOR<br>RELIEF PURSUANT TO 28 U.S.C.<br>§ 2255 |

**I.**

**BACKGROUND AND PROCEDURAL HISTORY**

On March 28, 2003, Defendant/petitioner Richard Lee Carlisle ("petitioner") was convicted after a jury trial for conspiracy to obtain and disclose contractor bid and proposal information and aiding and abetting the disclosing of procurement information, pursuant to 18 U.S.C. § 371 and 41 U.S.C. § 423. On August 11, 2003, the Court sentenced petitioner to 24 months imprisonment on counts ten and eleven of the Redacted Indictment. On June 14, 2005, the Court of Appeals for the Ninth Circuit affirmed petitioner's conviction and remanded for sentencing after United States Supreme Court's decision in United States v. Booker,

543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005). On January 27, 2006, the Court re-sentenced petitioner to 24 months imprisonment. On May 1, 2007, the Ninth Circuit affirmed the sentence. The Ninth Circuit denied petitioner's en banc rehearing request. Petitioner filed a petition for a writ of certiorari that was denied on October 27, 2007, and the conviction became final.

On September 15, 2008, petitioner filed a § 2255 motion to vacate, set aside or correct his sentence. On November 28, 2008, the government filed opposition. Petitioner filed a reply on January 5, 2009. Having read and considered the papers, the Court denies petitioner's § 2255 motion.

## II.

## **FACTUAL SUMMARY**

Petitioner worked for AMS, a company that performed contract work for the United States Army and its Contract Command in Korea, called the United States Contract Command Korea ("USA-CCK"). In 2001, AMS's contract for administering Army procurement software was going to expire, and CCK solicited bids. Kimberly Stewart ("Stewart") wrote and submitted a bid for AMS. The co-defendants of petitioner, who worked at USA-CCK, forwarded AMS's bid to petitioner, who also likely had access to the bid because it was on AMS's computer system. Petitioner, using a separate company name, then submitted his own lower bid based largely on AMS's bid and his company was awarded the contract.

## III.

## **SUMMARY OF PARTIES' CONTENTIONS**

**A.    Petitioner's Motion**

Petitioner's counsel, both trial and appellate, were

ineffective for thirteen reasons.  Trial counsel was ineffective because he failed to elicit at trial that petitioner received a copy of the AMS proposal before it was submitted to CCK and that AMS never officially submitted its bid to CCK.

Counsel also failed to challenge the jury instructions. Additionally, because petitioner's bid merely copied AMS's format, and not its information, the only action that should have been brought was a civil one by AMS.  Counsel's failure to elicit this fact constituted ineffective assistance.  Counsel failed to challenge venue, and the Court lacked jurisdiction to oversee the case because petitioner had no contacts with California; therefore, the case should have been dismissed.  Further, counsel failed to challenge petitioner's eight-level sentencing enhancement.

The sentencing guidelines, while advisory, violate petitioner's Sixth Amendment and Fourteenth Amendment rights because they violate the separation of powers doctrine.  The Ninth Circuit's affirmation was plain error and was wrongly decided. Additionally, the United States was not harmed by the submission of petitioner's bid because the contract awarded to petitioner saved the government $140,000, thus it had no standing to prosecute petitioner.  Lastly, "there was 'plain error' in judgment by both the plaintiff and the prosecution in their action against petitioner as a 'natural person' who is a 'nonjuridical'[sic] entity."  (Pet'r Mot. at 10.)

**B.      Government's Opposition**

Petitioner's grounds are not meritorious.  To prevail on an ineffective assistance of counsel claim, petitioner must establish:  (1) his counsel's performance was deficient; and (2)

such deficiency prejudiced petitioner's defense, for example, but for counsel's conduct, there is a reasonable probability that the proceeding's outcome would have been different. Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). Failing to make meritless arguments does not constitute ineffective assistance. Shah v. United States, 878 F.2d 1156, 1162 (9th Cir. 1989). If trial counsel makes a tactical decision not to present evidence, it is likely counsel's performance was not ineffective. Smith v. Stewart, 140 F.3d 1263, 1269 (9th Cir. 1998).

**1.   Calling James Caton as a Witness**

Trial counsel was not ineffective because he failed to call James Caton ("Caton"), who would have testified that petitioner received AMS's proposal in advance of when his co-defendant illegally provided it to him. As set out in the declaration of trial counsel, he did not call Caton as a witness because: (1) Caton did not want to testify for the defense and may have damaged petitioner's case; (2) Stewart could and did testify to the same information; and (3) early disclosure was irrelevant because AMS did not consent to petitioner's use of the information to solicit his own contract. Petitioner agreed with his counsel not to call Caton.

**2.   Jury Instruction Claim**

The jury was not erroneously instructed that petitioner "could [have] only receive[d] the unsolicited for (sic) bid proposal of AMS Inc. from the government." There is no evidence of this instruction in the record. The jury instructions in petitioner's case were consistent with the Ninth Circuit Model

Criminal Jury Instructions. Additionally, petitioner defaulted on this claim by failing to raise it previously. See, e.g., <u>United States v. Frady</u>, 456 U.S. 152, 162-65, 102 S. Ct. 1584, 71 L. Ed. 2d 816 (1982); <u>United States v. English</u>, 42 F.3d 473, 477 (9th Cir. 1994). Once a claim is procedurally defaulted, a Court may only review it collaterally if petitioner establishes both cause for failing to raise it and resulting prejudice. <u>Frady</u>, 456 U.S. at 167. "[T]he mere fact that counsel failed to recognize the factual or legal basis for the claim, or failed to raise the claim despite recognizing it, does not constitute cause for a procedural default." <u>Cockett v. Ray</u>, 333 F.3d 938, 943 (9th Cir. 2003). Petitioner does not raise or show cause and resulting prejudice.

### 3. Lack of Evidence that the Bid Proposal was Public Knowledge

Counsel's performance was not defective for failing to present evidence that the bid and proposal were not proprietary because they were not marked secret or restricted.

Contractor bid and proposal information are confidential as a matter of law and include non-public costs and pricing data as well as information marked as contractor bid information. 41 U.S.C. § 432(f)(1). It is not limited to material marked secret or restricted.

Extensive trial testimony demonstrated that the bid proposals were proprietary, sensitive, and non-public. Stewart testified that the proposal included the notation, "[t]his proposal or quotation includes data that shall not be disclosed outside the government and shall not be duplicated, used or disclosed in whole or in part for any purpose other than to evaluate this proposal or

quotation." Defendant provides no evidence that the bid was public and cannot show that his counsel was deficient and that prejudice resulted.

    **4. Petitioner's Conduct was a Violation of Criminal Law**

    In claims five, seven and twelve, petitioner argues that his conduct did not constitute criminal conduct and that, at most, AMS had a civil breach of contract claim against him. Claims five and seven further allege that his counsel was ineffective for failing to bring such a challenge, and claim twelve states that the government did not have "standing" to prosecute defendant because it saved money by choosing petitioner's contract.

    Petitioner was charged with violating 18 U.S.C. § 371, and the government proved that: (1) there was an agreement between two or more persons to knowingly disclose and receive contractor bid or proposal information prior to the award of a federal agency procurement; (2) petitioner was a knowing member of the conspiracy; and (3) one of the members performed at least one overt act. Petitioner was also charged with violating, and aiding and abetting a violation of, 41 U.S.C. § 423, and the government proved that petitioner: (1) was a present or former official of the United States with access to contractor bid or proposal information; (2) knowingly disclosed that information prior to the award of the federal procurement contract; and (3) disclosed the information to give someone a competitive advantage in the award of a federal agency procurement contract.

    Neither statute requires that the government suffer pecuniary harm, and any civil remedy for AMS is irrelevant. A jury found petitioner guilty of charges under both statutes. And, there

was sufficient evidence on which to convict petitioner. <u>United States v. Parrish</u>, 134 Fed. Appx. 183, 183 (9th Cir. 2005) (unpublished).

### 5. Lack of Evidence that AMS Never Formally Bid on the Contract

In claim six, petitioner argues that his counsel failed to present evidence that AMS did not bid on the contract and did not intend to bid, but petitioner fails to offer any evidence to support his claim.

At trial, Stewart testified that AMS thought its bid was being considered and waited to hear if it won the bid. The evidence presented at trial shows that AMS bid on the contract. Petitioner identifies no evidence that his counsel could have presented to the contrary.

### 6. Jurisdiction and Venue

In claim eight, petitioner argues that his counsel failed to challenge "jurisdiction" and that no acts occurred in the Central District of California. Petitioner also confuses jurisdiction and venue. Petitioner's ineffective assistance of counsel claim is without merit because he does not demonstrate deficient performance or prejudice.

Where a crime is not committed within any state, venue shall be set by a Congressional act. U.S. Const. Art. III, § 2, cl. 3. Venue in the Central District of California is appropriate for offenses committed overseas when the defendant or co-defendant is first arrested there. 18 U.S.C. § 3238; <u>United States v. Liang</u>, 224 F.3d 1057, 1059 (9th Cir. 2000).

Here, the offenses occurred in Korea, so § 3238 applies.

The government established venue in the Central District of California when it arrested petitioner's co-defendants at the Los Angeles International Airport. Petitioner's later arrest is irrelevant for venue because it was already established when his co-defendants were arrested. United States v. Feng, 277 F.3d 1151, 1156 (9th Cir. 2002). Jurisdiction was proper.

**7. Sentencing Enhancement Challenged at Trial and on Appeal**

Contrary to petitioner's claim, neither trial counsel nor appellate counsel was deficient for failing to object to the eight-level sentencing enhancement on the grounds that it must be found by a jury. Petitioner's counsel at both the trial and appellate levels actually argued that point, the trial court disagreed and the Ninth Circuit affirmed the trial court's ruling.

Petitioner cannot re-litigate this issue because prior decisions in the case constitute law of the case and should be respected. United States v. Hayes, 231 F.3d 1132, 1139 (9th Cir. 2000); United States v. Redd, 759 F.2d 699, 701 (9th Cir. 1985). Given that petitioner has challenged his sentencing enhancement numerous times, he is not entitled to further judicial review on the issue.

**8. Sentencing Guidelines Do Not Violate the Separation of Powers**

In claim ten, petitioner argues that the sentencing guidelines violate the separation of powers doctrine. Petitioner provides no legal authority for this argument. Federal sentencing has not been exclusive to one branch of government, and, in fact, the different branches share sentencing responsibility. Mistretta

v. United States, 488 U.S. 361, 365, 109 S. Ct. 647, 102 L. Ed. 2d 714 (1989).  The Ninth Circuit has repeatedly rejected challenges to the guidelines based on a violation of separation of powers argument.  See e.g., United States v. Medina-Beltran, 542 F.3d 729, 732 (9th Cir. 2008); United States v. Kuchinski, 469 F.3d 853 (9th Cir. 2006).  Petitioner's claim lacks merit.

**9.  No Evidence that Appellate Counsel was Deficient**

In claim eleven, petitioner argues his appellate counsel was deficient in his "failure to bring forth not the venue, but in fact the 'lack of jurisdiction' under Rule 12(h)(3), which would have been In-Fact cause for dismissal."  As explained above, both venue and jurisdiction were proper.

**10.  Last Claim Unintelligible**

In claim thirteen, petitioner argues that plain error existed in his conviction but does not explain why.  Accordingly, this claim lacks merit.

**11.  The Court Should Deny Certificate of Appealability**

Because none of petitioner's claims have merit, it follows that petitioner has not "made a substantial showing of the denial of a constitutional right" as to any of these issues, an essential requirement to obtain a certificate of appealability ("COA").  See 28 U.S.C. § 2253(c)(2), (c)(3).  The government urges the Court to deny any request for a COA and deny petitioner's motion for relief.

**C.    Petitioner's Reply**

The government fails to show that it has "proper standing" because there is no proof of harm to the government.  Additionally, petitioner's information was in the public domain

because the government publishes things on the internet. See Brooks Automation Inc. v. Blueshift, 20 Mass. L. Rptr. 541 (Mass. 2006).

Furthermore, that the sentencing guidelines are now "required" but not mandatory remains a violation of the separation of powers.

Counsel's assistance was ineffective because he was not an "honest and capable protector" of petitioner. Counsel does not have a valid attorney license. Petitioner is not of sound mind and was not capable of making strategy decisions. Petitioner requests that the Court grant his petition.

## IV.

## DISCUSSION

**A.** **Legal Standard**

A district court may deny a § 2255 motion without holding an evidentiary hearing when the record clearly establishes that the petitioner is not entitled to relief or that the motion presents no more than allegations unsupported by the facts or refuted by the record. United States v. Quan, 789 F.2d 711, 715 (9th Cir. 1986). Additionally, where a petitioner's allegations are vague and conclusory, the Court need not grant an evidentiary hearing. Shah, 878 F.2d at 1161. The Court finds that the instant matter is appropriate for decision without holding an evidentiary hearing.

**B.** **Analysis**

As discussed below, each of petitioner's grounds for relief lacks merit. To demonstrate ineffective assistance of counsel, the petitioner must first show that counsel's performance was deficient. Richter v. Hickman, – F.3d –, No. 06-15614, 2009 WL

2425390, at *6 (9th Cir. Aug. 10, 2009) (citing Strickland, 466 U.S. at 687). "To be 'deficient,' counsel's performance at trial must be objectively unreasonable - it must be 'outside the wide range of professionally competent assistance.'" Id. (quoting Strickland, 466 U.S. at 688, 690). Counsel is afforded a presumption of adequacy and the Court should be highly deferential in judging counsel's performance. Id. The petitioner must then show that counsel's deficient performance prejudiced his defense such that but-for counsel's failures, there is a reasonable probability that the outcome of the proceeding would have been different. Id. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at *13 (internal quotations omitted).

**1.  Calling Caton as a Witness**

Trial counsel's performance was not deficient when he strategically decided not to call Caton as a witness. "Strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." Knowles v. Mirzayance, - U.S. -, 129 S. Ct. 1411, 1420, 173 L. Ed. 2d 251 (2009) (citing Strickland, 466 U.S. at 690). Where counsel makes an informed and reasonable decision not to call a witness, it does not constitute ineffective assistance of counsel. Id.; see Brown v. Uttecht, 530 F.3d 1031, 1035 (9th Cir. 2008) (holding no ineffective assistance of counsel for failing to call witness where counsel used "sound trial strategy" (internal quotations omitted)).

In Knowles, the defendant's attorney decided not to call witnesses at sentencing to present an insanity defense that the same jurors had just rejected in the merits portion of the trial.

Id. at 1415. The Supreme Court held that counsel's performance was not deficient, in part, because "counsel carefully weighed his options before making his final decision." Id. at 1421. Knowles added that "[t]he law does not require counsel to raise every available nonfrivolous defense." Id. at 1422.

Here, counsel's decision to not call Caton was reasonable in light of the following circumstances. Caton was not called because: (1) counsel was concerned Caton would damage petitioner's case; (2) counsel could and did elicit that petitioner had access to the bid prior to submission from another witness; and (3) the information was irrelevant to the charges against petitioner because AMS did not consent to disclosure or petitioner's copying of the bid to solicit his own contract.

This decision cannot be said to be unreasonable. Moreover, there is no evidence that if Caton testified, the trial would have resulted in a different outcome, particularly because his testimony was irrelevant to the charges against petitioner and could have even been harmful to his defense. Consequently, the Court rejects grounds one and three of the motion.

**2. Jury instruction**

"Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice' or that he is 'actually innocent.'" United States v. Braswell, 501 F.3d 1147, 1150 (9th Cir. 2007) (quoting Bousley v. United States, 523 U.S. 614, 622, 118 S. Ct. 1604, 140 L. Ed. 2d 828 (1998)). Here, petitioner did not raise his claim regarding the jury instruction on appeal. Additionally, he fails

to demonstrate cause for failing to do so.  Nonetheless, the Ninth Circuit addressed the issue in its ruling, which provides "[t]he jury was properly instructed and had sufficient evidence to convict defendant Carlisle of aiding and abetting."  Parrish, 134 Fed. Appx. at *1.  Furthermore, it does not appear that petitioner could demonstrate cause because the instructions given at his trial are the generally accepted Ninth Circuit Model Criminal Jury Instructions.  The Court, therefore, rejects the second ground of petitioner's motion.

### 3. The Bid as Public Information

Petitioner's argument that his counsel's performance was deficient because he did not demonstrate to the jury that the bid information was not confidential is unavailing.  As the government explains, there was ample testimony at trial that the bid information was confidential and contained proprietary information. Additionally, petitioner identifies no evidence demonstrating that the bid information was not confidential, other than the fact that it was not marked "secret."  One witness testified, however, that while the bid was not marked "secret," it was marked "This proposal or quotation includes data that shall not be disclosed outside the government and shall not be duplicated, used or disclosed, in whole or in part, for any purpose other than to evaluate this proposal or quotation."  (Gov't Ex. B, Mar. 26, 2003 RT at 93-99).  In his reply, petitioner argues that because the government posts information on the internet, the bid was not confidential.  He provides no evidence, however, that the government posted this bid information on the internet or made it publicly available.  There is solid evidence demonstrating that the bid was confidential, and

13

arguments to the contrary would have been frivolous. Consequently, the Court denies petitioner's fourth ground for relief.

### 4. Criminal Effect of Petitioner's Conduct

The Court denies grounds five, seven, and twelve of the motion because petitioner's conduct violated the statutes under which he was charged, and his counsel's failure to argue that the acts were not criminal did not constitute deficient representation. Neither statute contained a requirement that harm be shown as an element of the offense, thus petitioner's argument that the government saved money when it selected his criminally-obtained bid is irrelevant. Additionally, petitioner does not identify any reason why the evidence against him was insufficient to prove the charges, and the Court of Appeals has held to the contrary. Accordingly, counsel's performance was not deficient and the Court denies grounds five, seven, and twelve of petitioner's motion.

### 5. Effect of AMS's Bid

AMS prepared and submitted its bid to the government. Stewart testified that AMS believed its bid was under consideration and that it submitted the bid as it had others. Petitioner provides no evidence or foundation for his belief that AMS lacked intent to bid. Given the evidence to the contrary and absent any foundation for petitioner's allegation, counsel could not have been deficient for failing to present this argument. See Wiggins v. Smith, 539 U.S. 510, 533, 123 S. Ct. 2527, 156 L. Ed. 2d 471 (2003) ("Strickland does not require counsel to investigate every conceivable line of mitigating evidence no matter how unlikely the effort would be to assist the defendant"). Consequently, the sixth ground of the motion is rejected.

**6. Jurisdiction and Venue**

The trial court had both jurisdiction and venue over the petitioner, and, consequently, counsel's performance was not deficient in failing to raise these issues. Jurisdiction was proper because the "district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States." 18 U.S.C. § 3231.

Additionally, as the government demonstrates, venue was also proper because petitioner's co-defendants were the first arrested in this case and were within the Central District of California. The charged offenses occurred in Korea, so the proper venue is governed by 18 U.S.C. § 3238. Liang, 224 F.3d at 1059. Section 3238 provides that venue is proper where any of the joint offenders is arrested. Because petitioner's co-defendants were arrested in Los Angeles prior to petitioner, venue is proper here. Because the arrests of petitioner's co-defendants established venue, the location of petitioner's later arrest was irrelevant. Feng, 277 F.3d at 1155. The Court denies claim eight of the motion.

**7. Sentencing Enhancement**

Both petitioner's trial counsel and appellate counsel challenged the eight-level sentencing enhancement, contending that the jury was required to make the predicate factual determination. As such, they cannot be found to have performed deficiently. Petitioner does not identify any other ground demonstrating that counsel was deficient, such as failure to provide evidence or failure to properly prepare. See King v. Schriro, 537 F.3d 1062,

1072 (9th Cir. 2008) (affirming denial of ineffective assistance of counsel claim where petitioner provided no explanation of his allegations and no evidence to support them). Consequently, the Court denies claim nine of the motion.

### 8. Constitutionality of the Sentencing Guidelines

Because the sentencing guidelines do not violate the Separation of Powers doctrine, petitioner's counsel's performance cannot be deficient for failing to argue otherwise. The Supreme Court held that the different branches of government share sentencing responsibilities in order to prevent unchecked and unfair sentences. Mistretta, 488 U.S. at 364-65. And, the Ninth Circuit has found that the sentencing guidelines do not violate the separation of powers. Kuchinksi, 469 F.3d at 860; Medina-Beltran, 542 F.3d at 731-32. Because the sentencing guidelines are constitutional, petitioner's counsel's performance cannot be found deficient for failing to raise the argument. Consequently, the Court denies claim ten of the motion.

### 9. Jurisdiction on Appeal

Petitioner appears to argue that his appellate counsel's performance was deficient for failing to raise a lack of jurisdiction. As discussed above, jurisdiction was proper because petitioner was tried for a federal crime in federal court. 18 U.S.C. § 3231. Because jurisdiction was proper, counsel's performance could not have been deficient for failing to raise this challenge. The Court rejects claim eleven of the motion.

### 10. Claim Thirteen

It is unclear what the basis of petitioner's argument is when he states, "there was 'plain error' in judgment by both the

plaintiff and the prosecution in their action against petitioner as a 'natural person' who is a 'nonjuridical'[sic] entity." Petitioner must make it clear what his claims are and support them with more than vague and conclusory allegations. See Shah, 878 F.2d at 1161. Here, petitioner's claim is likewise unsupported with any evidence. Because there is a presumption that counsel's performance is adequate, the Court will not find ineffective assistance on a claim that is unclear. Richter, 2009 WL 2425390 at *6. The Court denies claim thirteen of the petitioner's motion.

### 11. Counsel's Good Standing

For the first time, and only in his reply, petitioner argues that his counsel lacks a license to practice law, and, thus, his representation was automatically ineffective. This argument fails, first, because petitioner provides no evidence that his counsel lacks a law license. Second, because this issue was raised in reply, the government has not had the opportunity to address it. The Court notes that the California State Bar number for petitioner's appellate counsel is provided on the appellate brief. (Gov't Opp. Ex. F.) Additionally, trial counsel's sworn declaration states that he is "a defense counsel practicing in the Central District of California." (Decl. of Ricardo Nicol ("Nicol Decl."), ¶ 1.) Given the foregoing evidence, there is no evidence to support petitioner's claim. Accordingly, the Court denies the petitioner's motion on this ground.

### 12. Petitioner's Mental State

Also, and for the first time in his reply, petitioner argues that "therefore, it is clear to see that as a 'ward of the court' which is also described and defined in the legal

17

1 dictionaries as 'a person of unsound mind' this petitioner was not
2 capable of making decisions regarding the strategy and that his
3 counsel's decisions were not only 'ineffective' but were also
4 illegal and fraudulent as he was not seated according to the
5 California Constitution to be before the bench." (Reply at 4.)
6      It is unclear what argument petitioner makes regarding
7 his mental capability.  Petitioner supplies no evidence
8 demonstrating that he suffered from a mental deficiency or that
9 counsel failed to bring that condition to the Court's attention at
10 his trial.  Indeed, the record demonstrates to the contrary.
11 Petitioner conducted on-site computer servicing in Korea on behalf
12 of AMS.  (Gov't Opp. Ex. B (3/26/03) at 85.)  Furthermore, Nicol's
13 declaration provides that "Carlisle brought [Caton] to my
14 attention, not the FBI."  (Nicol Decl. ¶ 3.)  These facts suggest
15 that petitioner was able to perform a job that requires a degree of
16 skill and that he made strategic decisions about his defense on his
17 own initiative.  Without more, and in light of evidence
18 demonstrating that he is capable, the Court need not devote further
19 time to an inadequate allegation.  *Shah*, 878 F.2d at 1161.
20 Consequently, the Court rejects petitioner's motion on this ground.
21 //
22 //
23 //
24 //
25 //
26 //
27 //
28 //

# V.

# **CONCLUSION**

Accordingly and for the foregoing reasons, the Court denies petitioner's § 2255 motion to vacate, set aside or correct sentence. In anticipation of petitioner's request, the Court denies issuance of a certificate of appealability because petitioner has not "made a substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2), (c)(3).

The Clerk shall serve a copy of this Order on government counsel of record and on petitioner at his last known address.

IT IS SO ORDERED.

DATED: September 3, 2009.

ALICEMARIE H. STOTLER
_____
ALICEMARIE H. STOTLER
UNITED STATES DISTRICT JUDGE